CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 7:08CR00041 |
| | Civil Action No. 7:10CV80270 |
| v. | |
| | **MEMORANDUM OPINION** |
| CLIFTON DWIGHT LEE, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Clifton Dwight Lee, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Lee asserts several claims, including a claim that his defense counsel was ineffective in failing to file a direct appeal. The case is presently before the court on the government's motion to dismiss, in which the government argues that Lee waived his right to collaterally attack his sentence as part of his plea agreement with the government. Because the foregoing claim of ineffective assistance is not barred by the waiver of collateral-attack rights, the government's motion to dismiss will be denied in part and taken under advisement in part, and the matter will be referred to a magistrate judge for an evidentiary hearing on that claim.

## Background

On March 5, 2009, Lee was charged in a 22-count superceding indictment returned by a grand jury in the Western District of Virginia. Count One charged Lee with conspiring to distribute more than 100 grams of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Counts Six, Eight, Ten, Fourteen, and Eighteen charged Lee with possessing with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Counts Seven, Nine, Eleven, Fifteen, and Nineteen charged Lee with distributing a mixture or substance

containing a detectable amount of heroin, in violation of § 841(a)(1) and (b)(1)(C). Counts Twelve, Sixteen, and Twenty charged Lee with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Counts Thirteen, Seventeen and Twenty-One charged Lee with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Twenty-Two charged Lee with knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 21, 2009, the government filed an information, pursuant to 21 U.S.C. § 851, which notified Lee that he would be subject to enhanced penalties due to his prior felony drug conviction. Two days later, on April 23, 2009, the defendant entered pleas of guilty to Count One and amended Count Thirteen of the superceding indictment, pursuant to a written plea agreement.[1] In the agreement, the parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that Lee would receive a 120-month term of imprisonment on Count One and that he would receive a consecutive 60-month term of imprisonment on amended Count Thirteen. Additionally, the government agreed to dismiss the remaining charges against Lee. In exchange, Lee stipulated that he was subject to enhanced statutory penalties as a result of the prior conviction set forth in the information filed by the government. Lee also agreed to waive his right to collaterally attack, in any future proceeding, "any order issued in this matter," and his right to appeal his sentence "on any ground." (Plea Ag. at 7).

---

[1] The parties moved to amend Count Thirteen of the superceding indictment to charge the defendant with knowingly possessing a firearm in furtherance of the drug trafficking crime set forth in Count One.

2

The court conducted Lee's sentencing hearing on July 31, 2009. Prior to the hearing, the government filed a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The court ultimately granted the government's motion and sentenced the defendant to a total term of imprisonment of 132 months to be followed by an eight-year term of supervised release.[2] The court also directed the defendant to pay a $1,000 fine and a $200 special assessment. Lee did not appeal his convictions or sentence.

Lee filed the instant § 2255 motion on July 13, 2010. In his original motion, Lee claimed that the court breached his Rule 11(c)(1)(C) plea agreement by imposing an eight-year term of supervised release and a $1,000 fine, and that his defense counsel was ineffective in failing to object during the sentencing hearing. On July 29, 2010, Lee moved to amend his § 2255 motion to include additional claims, including a claim that his defense counsel was ineffective in failing to file a direct appeal. The motion to amend was granted by order entered August 6, 2010.

## Discussion

The government has moved to dismiss all of Lee's claims solely on the basis that Lee waived the right to collaterally attack his convictions and sentence as part of his plea agreement with the government. However, Lee's waiver of collateral-attack rights does not bar his claim that his attorney was ineffective in failing to file a direct appeal. That claim falls outside the scope of the waiver and must be addressed on the merits. See United States v. Embree, 169 F. App'x 761, 762 (4th Cir. 2006) (holding that the defendant's waiver of collateral-attack rights did not preclude his claim that counsel failed to consult with him about an appeal, and noting that

---

[2] The court imposed a 72-month term of imprisonment for the conspiracy conviction and a consecutive 60-month term of imprisonment for the § 924(c) conviction.

3

the claim was analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-733 (4th Cir. 1994), "where [the Court] held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings"). Accordingly, the court will deny the government's motion to dismiss as to Lee's claim that his attorney was ineffective in failing to file a direct appeal, and refer the matter to a magistrate judge for an evidentiary hearing on that claim.

## Conclusion

For the foregoing reasons, the government's motion to dismiss will be denied in part and taken under advisement in part, and the case will be referred to the Honorable Michael F. Urbanski, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel was ineffective in failing to file a direct appeal. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Urbanski.

ENTER: This 30th day of December, 2010.

Chief United States District Judge