IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | Criminal Action No. 7:08cr00041 |
| | ) | Civil Action No. 7:10cv80270 |
| | ) | |
| CLIFTON DWIGHT LEE, | ) | By: Hon. Pamela Meade Sargent |
|     Defendant. | ) | United States Magistrate Judge |

      Clifton Dwight Lee, a federal inmate incarcerated at Federal Correctional Institute Lompoc, filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, ("§ 2255 Motion"). In the § 2255 Motion, Lee asserts the following claims: (1) breach of the plea agreement by the court; (2) ineffective assistance of counsel for failing to object to the court's breach of the plea agreement at his sentencing; and (3) ineffective assistance of counsel for failing to file an appeal. Thereafter, the Government filed a Motion to Dismiss, which, by Order entered December 30, 2010, was denied in part and taken under advisement in part. The district judge specifically denied the Motion to Dismiss as to the ineffective assistance of counsel for failing to file an appeal claim. The court referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to issue a report and recommendation as to the remaining issues, including conducting an evidentiary hearing on Lee's claim that counsel was ineffective in failing to file an appeal. An evidentiary hearing was held on August 4, 2011, at which Lee appeared by videoconferencing and was represented by counsel. Prior to the August 4, 2011, hearing, Lee's counsel moved to amend

the § 2255 Motion to allege that the court also violated Federal Rule of Criminal Procedure 11 by not adequately advising him as to the statutory maximum and mandatory minimum sentences that could have been imposed prior to entry of his plea. As directed by the order of referral, the undersigned now submits the following findings of fact and recommended disposition.

## I.  Facts & Procedural History

On March 5, 2009, Lee was charged in a 22-count superseding indictment returned by a grand jury sitting in the Western District of Virginia. Count One charged Lee with conspiring to distribute more than 100 grams of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. Counts Six, Eight, Ten, Fourteen and Eighteen charged Lee with possessing with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Counts Seven, Nine, Eleven, Fifteen and Nineteen charged Lee with distributing a mixture or substance containing a detectable amount of heroin, in violation of §§ 841(a)(1) and (b)(1)(C). Counts Twelve, Sixteen and Twenty charged Lee with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Twenty-Two charged Lee with knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 21, 2009, the Government filed an information, pursuant to 21 U.S.C. § 851, which notified Lee that he would be subject to enhanced penalties

due to his prior felony drug conviction. Two days later, on April 23, 2009, the defendant entered pleas of guilty to Count One and an amended Count Thirteen[1] of the superseding indictment, pursuant to a written plea agreement, (Docket Item No. 248).

Lee's plea agreement stated that he was entering into a plea pursuant to Rule 11(c)(1)(C) and that he agreed to be sentenced to "a 180 month sentence on Count One and amended Count Thirteen of the Indictment. As to Count One, I shall receive a 120 month sentence; and as to amended Count Thirteen of the Indictment, I shall receive a 60 month sentence that must be served consecutively to every other sentence imposed." (Docket Item No. 351, Att. 1.) Additionally, the Government agreed to dismiss the remaining charges against Lee. In exchange, Lee stipulated that he was subject to enhanced statutory penalties as a result of the prior conviction set forth in the information filed by the Government. Lee's plea agreement also recited that the maximum statutory penalty that could be imposed included a fine of up to $4,250,000. It also recited that any period of imprisonment would be followed by a period of supervised release. The plea agreement also contained the following waiver of Lee's rights to appeal or to collaterally attack his conviction and sentence:

> ... I expressly waive the right to appeal my sentence ... on any ground. In addition, I hereby waive my right of appeal as to any and all issues in this matter and agree I will not file a notice of appeal. ...
>
> ... I waive any right I may have to collaterally attack, in any

---

[1] The parties moved to amend Count Thirteen of the superseding indictment to charge the defendant with knowingly possessing a firearm in furtherance of the drug trafficking crime set forth in Count One.

future proceeding, any order issued in this matter and agree I will not file any document which seeks to disturb any such order….

At the plea hearing, Lee was placed under oath and stated that he understood that he had a legal obligation to answer all inquiries truthfully. Lee stated that he had his general equivalency development diploma, ("GED"), and had previously worked as an auto mechanic, electrician and brick mason. Lee stated that, while he had been previously diagnosed with post-traumatic stress disorder, he did not currently suffer from any emotional or mental problems that impaired his thinking or made it difficult for him to participate in the hearing in a knowing and intelligent fashion. He further stated that he was not under the influence of any drugs, medications, alcohol or other intoxicants. Beers stated that there was "[n]o question" in his mind that Lee possessed the mental capacity to make a voluntary and intelligent decision about his plea. Lee stated that no one had made any additional promises to him other than those contained in the plea agreement. He also stated that no one had attempted to force or coerce him into pleading guilty.

Lee stated that he understood that the charges he was pleading guilty to carried a maximum sentence of up to life imprisonment, a mandatory minimum sentence of 15 years, a fine of up to $4,250,000 and the imposition of a term of supervised release after any term of imprisonment. Lee specifically stated that he understood that the plea agreement called for him to receive "a term of incarceration of 180 months." In fact, at one point, the court told Lee: "You also understand in addition to any period of incarceration imposed, the Court will also impose a period of supervised release that follows."

-4-

In response to questioning by the Government, Lee stated that he understood that, under the terms of the plea agreement, he was waiving his right to file a direct appeal or collaterally attack his conviction and sentence. The court also questioned Lee about this waiver of his right to appeal or collaterally attack his conviction and sentence. The court advised Lee:

> ...[Y]ou will be making a waiver of your right to appeal any and all aspects of your case to a higher court at a later time. It's what is known as a complete waiver of appeal and there will only be a very limited number of things, very unusual and extraordinary matters that you could appeal, if you do make a plea pursuant to this agreement and the plea is accepted.
> ... The agreement also provides that you have said that you would give up your right to collaterally attack the Court's judgment at some later time; that is, to challenge the constitutionality of what's been done by way of a motion to vacate sentence or petition a writ of habeas corpus or something of this sort....

Lee specifically stated that he intended to give up his right to appeal or collaterally attack his conviction and sentence. The court accepted Lee's guilty plea and found him guilty of the two offenses.

The court conducted Lee's sentencing hearing on July 31, 2009. Prior to the hearing, the Government filed a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The court ultimately granted the Government's motion and sentenced the defendant to a total term of imprisonment of 132 months to be followed by an eight-year term of supervised release. The court also directed the defendant to pay a $1,000.00 fine and a $200.00 special assessment. Lee

voiced no objection to the sentence imposed at the hearing, and he did not appeal his convictions or sentence.

Lee filed his § 2255 Motion on July 13, 2010. In his § 2255 Motion, Lee claimed that the court breached his Rule 11(c)(1)(C) plea agreement by imposing an eight-year term of supervised release and a $1,000.00 fine, and that his defense counsel was ineffective in failing to object during the sentencing hearing. On July 29, 2010, Lee moved to amend his § 2255 Motion to include additional claims, including a claim that his defense counsel was ineffective in failing to file a direct appeal. The motion to amend was granted by Order entered August 6, 2010. On July 15, 2011, Lee again moved to amend his § 2255 Motion to allege that the court violated Rule 11 by not adequately advising him at his plea hearing as to the statutory maximum and mandatory minimum sentences that it could impose.

The Government filed a Motion to Dismiss Lee's § 2255 Motion, arguing that Lee waived his right to collaterally attack his judgment and sentence. (Docket Item No. 351). By Order entered December 30, 2010, the district court took the Government's Motion to Dismiss under advisement in all respects except that it denied the Motion to Dismiss with respect to the claim of ineffective assistance of counsel for failing to file a direct appeal. (Docket Item No. 358). An evidentiary hearing on this issue was held before the undersigned on August 4, 2011.

At this hearing, Lee testified that he was represented on the criminal charges by Paul Beers, court-appointed counsel. Lee admitted that he entered a plea of guilty to two counts of the superseding indictment pursuant to a written plea

-6-

agreement with the Government. Lee concedes that he discussed the plea agreement with Beers before signing it. Lee also concedes that the plea agreement mentions the possibility of imposition of a fine and a period of supervised release. He further concedes that, at his plea hearing, the court mentioned the possibility of imposing a fine and a period of supervised release, but Lee said that he did not pay much attention to that because the judge also told him that if he did not accept the agreed sentence, that he could withdraw his plea.

Lee testified that, prior to his sentencing, Beers came to the Roanoke City Jail for only a few minutes to discuss the Presentence Report with him. Lee claims that Beers told him that, pursuant to his plea agreement, his sentence would be no longer than 180 months. Lee claims there was no discussion of supervised release or a fine being imposed. Lee stated that at his sentencing on July 31, 2009, he told Beers that he wanted to discuss the breach of his plea agreement by the court. He stated that Beers just brushed him off and never came to the jail to talk to him about it. Lee stated that a few days after his sentencing, he received a letter from Beers stating that he would not appeal because any appeal would be frivolous. Lee also testified that he made at least 10 calls to Beers's office and left messages stating that he needed to talk to Beers, but Beers never came to see him. Lee concedes that he did not leave any message which instructed Beers to file an appeal in his case. Lee also concedes that he never wrote to Beers to request that he file an appeal.

Lee admitted that he wrote several letters to Judge Conrad after entry of his plea and before sentencing. Lee also admitted that he never wrote to the court to

-7-

seek an appeal of his case or to complain that the court had sentenced him in violation of the plea agreement or that Beers had not filed an appeal. Lee also stated that he wrote Beers in January 2010 to request copies of certain documents to file his habeas motion. He admits that he did not inquire as to why no appeal had been filed in his case.

Beers also testified at the August 4 hearing. Beers testified that he has been handling the defense of criminal cases in federal court since 1992. He stated that he had taken many appeals to the Fourth Circuit Court of Appeals and that he knows that it is per se ineffective assistance of counsel to not note an appeal if instructed to do so by a client. Beers stated that Lee never instructed him to appeal his case either in person, in writing or over the telephone.

Beers stated that he extensively discussed the plea agreement with Lee before Lee signed it. Beers testified that Lee was very involved in his case and that the focus of the plea negotiations was to limit the period of active incarceration imposed on Lee to as little time as possible. In fact, Beers said that he made 42 visits to the jail to discuss the case with Lee. Beers stated that he expended 145 hours working on Lee's case, which was a lot of time considering that Lee entered a guilty plea. Beers testified that he explained to Lee that, under the terms of the plea agreement, he could get no more than 180 months of imprisonment. He also explained that the amount of the fine and the term of supervised release were not agreed to by the parties in the plea agreement and, instead, would be determined by the judge.

-8-

Beers testified that he received Lee's Presentence Report, ("PSR"), on June 17, 2009, and went to the jail and discussed the PSR with Lee for an hour on June 23. Beers said he returned to the jail and spent another half an hour talking with Lee about the PSR on June 30. Beers said that Lee voiced no concern to him about the discussion of imposition of a fine and a period of supervised release in the PSR.

Beers also stated that Lee did not object to him regarding the imposition of the fine or the term of supervised release at his sentencing. Beers said that he briefly spoke with Lee after the July 29 sentencing to confirm that he did not wish to appeal his conviction and sentence. Beers testified that Lee did not tell him at sentencing that he wanted to talk with him any further. He also testified that Lee did not tell him to appeal his case. Beers stated that Lee appeared satisfied with the sentence and shook his and the prosecutor's hands before being led away by the Marshals Service.

Beers further testified that he sent a letter to Lee on August 3, 2009, confirming that Lee did not want to appeal his case. (Docket Item No. 414, Att. 1.) The letter stated: "Because you have not asked me to appeal the Judgment in a Criminal Case (and no reasonable basis for an appeal exists), I am closing my file on this matter." Beers stated that Lee had Beers's direct dial office telephone number and called him often during the pendency of his case. He stated that after sending the August 3, 2009, letter, he received one telephone message left by Lee, asking him to come to the jail to see him. Beers said that this message did not state that he wanted Beers to file an appeal or even to discuss appeal.

-9-

## II.   Analysis

Lee has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on (1) breach of the plea agreement by the court; (2) ineffective assistance of counsel for failing to object to the court's breach of the plea agreement at his sentencing; (3) ineffective assistance of counsel for failing to file an appeal; and (4) failure of the court to adequately advise him, prior to accepting his guilty plea, of the statutory maximum and mandatory minimum sentence that it could impose. The Government argues that Lee's § 2255 Motion should be dismissed in its entirety because he waived any right to appeal or collaterally attack his conviction and sentence. By Order entered December 30, 2010, the district court took the Government's Motion to Dismiss under advisement in all respects except that it denied the Motion to Dismiss with respect to the claim of ineffective assistance of counsel for failing to file a direct appeal. I will address this issue first.

Counsel's failure to file an appeal when requested to do so is per se ineffective assistance of counsel. *See Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985); *Frazer v. South Carolina*, 430 F.3d 696, 703-05 (4th Cir. 2005). This is true even if the defendant has waived his right to file a direct appeal. *See United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). The parties agree that Beers did not file an appeal of Lee's conviction and sentence in this case. Thus, the question before the court at this stage of the proceeding is a simple factual one: Did Lee instruct Beers to appeal his conviction and sentence? Based on the evidence presented at the August 4 hearing, I find that Lee did not instruct Beers to appeal his sentence.

-10-

Beers unequivocally testified that Lee never instructed him to file an appeal. Furthermore, Beers testified that he had advised Lee that his sentence would include a fine and a term of supervised release as determined by the sentencing judge. Beers stated that Lee never voiced any objection to a fine and a term of supervised release being imposed. The plea agreement advised Lee that a fine and a period of supervised release might be imposed. At the plea hearing, Lee was specifically advised that a fine and period of supervised release would be imposed. Lee never made any objection to the imposition of a fine and term of supervised release known to the court. Furthermore, Lee, himself, testified that he never instructed Beers to file an appeal. I specifically find Lee's claims of multiple unsuccessful attempts to contact Beers not credible. Even if I assume them to be true, however, Lee admits that he never spoke to Beers and that he never instructed Beers to file an appeal. Therefore, I find that there is no basis for Lee's ineffective assistance of counsel claim based on a failure to note an appeal.

Lee also moves to set aside his conviction and sentence because the court violated the plea agreement by sentencing him in excess of the agreed sentence, Beers was ineffective in failing to object to the imposition of a fine and a term of supervised release at the sentencing hearing and the court erred by failing to advise him as to the statutory maximum and mandatory minimum sentences that could be imposed in his case. The Government argues that Lee's § 2255 Motion should be dismissed because he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. The Fourth Circuit has recognized that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v.*

-11-

*Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

In considering a waiver, the court must address both the validity and the scope of the waiver. *See United States v. Attar*, 38 F.3d 727, 731-33 (4th Cir. 1994). The validity of a waiver depends on whether the defendant knowingly and intelligently agreed to waive the right. *See Attar*, 38 F.3d 731-32. Furthermore, no evidentiary hearing is necessary to determine the validity of a waiver if "'the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" *Lemaster*, 403 F.3d at 220 (quoting *United States v. White,* 366 F.3d 291, 296 (4th Cir. 2004)).

The only allegation Lee raises attacking the validity of his plea is the allegation that the court did not adequately advise him as to the mandatory minimum and maximum sentences that it could impose. Review of Lee's Rule 11 guilty plea colloquy shows that this claim is simply not true. The transcript of the hearing shows that Lee was advised that the charges to which he was pleading carried a maximum sentence of life imprisonment, a mandatory minimum sentence of 15 years' imprisonment, a fine of up to $4,250,000 and a term of supervised release. Lee also stated that he understood that, under the terms of the plea agreement, he was waiving his right to file a direct appeal or collaterally attack his conviction and sentence. Lee's responses to further questioning by the judge also show that this waiver was done knowingly and voluntarily. Furthermore, the scope of the waiver in Lee's plea agreement could not be broader. Under the terms of his plea agreement, Lee waived the right to collaterally attack "any order" entered in

-12-

this case. Thus, the scope of the waiver in this case would include the conviction and sentence imposed. Therefore, I find that Lee knowingly and intelligently waived his right to collaterally attack the sentence imposed in this case. I further hold that no evidentiary hearing is necessary because the record of Lee's Rule 11 plea hearing shows Lee's claim to be patently frivolous or false.

The record also shows that Lee's claim on the merits – that he and the Government had agreed that he could not be sentenced to more than 180 months *including* any period of supervised release – is palpably incredible, patently frivolous or just plain false. First, the language of the plea agreement, itself, defeats his argument. As stated above, the plea agreement recites that, pursuant to Rule 11(c)(1)(C), Lee and the Government had agreed that he should receive "a 180 month sentence." Rule 11(c)(1)(C) provides that the court will be bound to impose the recommended sentence, if it accepts the plea agreement. Lee argues that he believed that this 180-month sentence included both his term of imprisonment and any subsequent term of supervised release. One major problem with this argument is that the plea agreement also recited that 180 months was the statutory mandatory minimum sentence "of imprisonment" for the offenses to which Lee was pleading guilty. Also, the plea agreement did not list any agreement between the parties as to the amount of the fine or period of supervised release to be imposed. Instead, the plea agreement specifically stated that the maximum statutory penalties included a fine of up to $4,250,000 and a term of supervised release. Furthermore, at the plea hearing, Lee stated that he understood that the charges he was pleading guilty to carried a mandatory minimum sentence of 15 years, or 180 months, a maximum fine of up to $4,250,000 and the imposition of a

-13-

term of supervised release after any term of imprisonment.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The defendant, Clifton Dwight Lee, did not instruct his counsel, Paul G. Beers, to file an appeal of his sentence;

2. Beers was not ineffective in failing to file a direct appeal of Lee's sentence;

3. The court adequately advised Lee as to the statutory maximum and mandatory minimum penalties that it could impose prior to accepting his plea;

4. Lee's waiver of his right to collaterally attack his conviction and sentence was knowing, intelligent and voluntary; and

5. In his plea agreement, Lee waived his right to collaterally attack his conviction and sentence.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court find that counsel was not ineffective based on a failure to file a direct appeal. I further recommend that the court grant Lee's Motion to Amend, grant the Government's Motion to Dismiss and dismiss Lee's § 2255 Motion based on waiver.

-14-

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 22nd day of September 2011.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE