IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:08CR41-1 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| CLIFTON DWIGHT LEE, | ) | By: | Hon. Robert S. Ballou |
|     Petitioner. | ) | | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Clifton Dwight Lee, a federal inmate, brought this action by filing a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). The presiding district judge dismissed all but one of Lee's claims, and referred this action to me pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing and to submit a report and recommendation on Lee's remaining claim. The sole issue before the court is whether Lee's trial counsel was ineffective in failing to object to the court not advising Lee of the mandatory supervised release period Lee faced after his criminal conviction.[1] This Court held an evidentiary hearing on August 28, 2012. Lee participated by video-conference and was represented by counsel. Having reviewed the record in this case, the arguments of counsel, and the applicable law, I conclude that the conduct of Lee's trial counsel did not fall below a standard of objective reasonableness and that the lack of objection or other action by Lee's trial counsel to have the court advise Lee of the statutorily mandated supervised release at the plea hearing did not prejudice Lee. Accordingly, I **RECOMMEND GRANTING** the remaining elements of the Government's Motion to Dismiss.

---

[1] The district judge found that he did not advise Lee at the Rule 11 guilty plea hearing that Lee would be subject to a mandatory term of supervised release of eight years as part of the punishment imposed under Count One. (Dkt. No. 479 at 15.)

1

## I. BACKGROUND[2]

On March 5, 2009, the federal grand jury charged Lee in a multi-member twenty-two count third superceding indictment alleging Lee's involvement in a conspiracy to distribute more than 100 grams of heroin, the distribution of heroin, and with various weapons charges. (Dkt. No. 192.) The government filed a notice, pursuant to 21 U.S.C. § 851, to seek an enhanced penalty for the charged drug offenses because of Lee's 2005 felony drug conviction in the Circuit Court for the City of Roanoke. If convicted on each of the 16 counts of the third superseding indictment, Lee faced the possibility of life in prison on the drug conspiracy charge, life imprisonment for possession of a weapon in relation to a drug trafficking crime, consecutive terms of twenty years on each of the distribution charges, and ten years for possession of a firearm as a convicted felon. Paul Graham Beers, Esq. served as Lee's trial counsel during the criminal proceedings.

Two days after the government filed its enhancement notice, Lee entered into a written plea agreement in which he plead guilty to Count One (conspiring to distribute heroin) and Amended Count Thirteen (possession of a firearm in furtherance of a drug trafficking crime).[3] The plea agreement stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that Lee would receive a "120 month sentence" of imprisonment for Count One and a consecutive "60 month sentence" of imprisonment for Amended Count Thirteen. (Plea Agreement at 1.) The government agreed to dismiss the remaining charges against Lee. Lee agreed that he faced enhanced statutory penalties as to Count One because of the prior conviction set forth in the § 851 enhancement notice. Lee also agreed to waive his right to appeal or collaterally attack his conviction.

---

[2] A full recitation of the procedural history and facts are contained in the district court's memorandum opinion dated August 13, 2012. (Dkt. No. 479.)
[3] The parties moved to amend Count Thirteen of the superceding indictment to charge the defendant with knowingly possessing a firearm in furtherance of the drug trafficking crime set forth in Count One.

The plea agreement recited the maximum statutory penalties that could be imposed for each offense, including a total fine of up to $4,250,000 and "imprisonment for a term of life, plus supervised release." Id. at 1-2. The agreement also advised Lee that Count One carried "a mandatory minimum sentence of imprisonment for a term of ten years," and that Amended Count Thirteen carried "a mandatory minimum sentence of imprisonment for a term of five years," which must be served consecutively to any other term of imprisonment. Id. Lee expressly acknowledged that there was a "possibility [that] substantial fines and/or restitution may be imposed." Id. at 5. As to supervised release, Lee acknowledged in the plea agreement that the court may impose fees to pay for supervised release, and that his "supervised release may be revoked [if] he violates his terms and conditions." Id. The agreement noted that Lee would have the right to withdraw his pleas of guilty "should the Court reject the parties' mutual recommendation for a term of imprisonment of 180 months or any other aspect of this Plea Agreement." Id. at 4.

The court held a plea hearing on April 24, 2009 pursuant to Fed. R. Crim. P. 11. At the outset, the court placed Lee under oath and questioned him to assure that he could enter a knowing and voluntary plea. The court instructed the Assistant United States Attorney ("AUSA") to summarize the offenses to which Lee was pleading guilty and the penalties applicable to those offenses. In response, the AUSA stated as follows:

> . . . You stand charged in count 1 with a conspiracy to possess with intent to distribute during the time of that conspiracy over 100 grams of heroin . . . .
>
> If convicted of that count, because of the information that the Government filed in this case on the 21st day of May [sic] of this year . . . [y]ou would be facing a maximum of life imprisonment and a minimum mandatory period of incarceration of ten years. There could also be a fine of up to $4 million, a $100 special assessment and any period of incarceration would be followed by a period of supervised release.

3

> . . . .
>
> The second charge that you propose to plead guilty to is a count contained in the amended count 13 of the indictment. That states that as part of this conspiracy or in furtherance of this conspiracy, that you did possess at some time during that conspiracy a firearm in furtherance of the end of that conspiracy.
>
> . . . .
>
> . . . [I]f you are convicted of that charge, that, too, carries a maximum of life imprisonment and a minimum mandatory of five years, which has to run consecutive with any term of incarceration on the drug charge.
>
> . . . .
>
> The penalty, the fines that could be imposed could be a fine of up to $250,000 with $100 special assessment. Any period of incarceration would be followed by a term of supervised release.

(Dkt. No. 345 at 10-12.)

The AUSA then summarized the agreement that Lee had reached with the government under Rule 11(c)(1)(C). When asked if it was Lee's "understanding that this plea agreement calls for a term of incarceration of 180 months," consisting of "120 months on the drug[] [charge] and 60 months or 5 years on the firearms charge," Lee responded in the affirmative. Id. at 13. Likewise, when questioned by the court, Lee confirmed that "what [the AUSA] said about [the] plea agreement [was] consistent with [his] understanding of [his] bargain with the United States." Id. at 17.

The court later turned its attention to supervised release, emphasizing that, "in addition to any period of incarceration imposed, the court will also impose a period of supervised release that follows." Id. at 26. Lee confirmed that he and his attorney had received "an opportunity to talk about supervised release, how it works and what it would mean for [Lee]." Id. Lee also

4

confirmed that he was aware of the consequences of violating his conditions of supervised release:

> The Court: [T]he key consideration for today's purposes, is if you violate a condition of supervised release, you may be brought back into court and resentenced regardless of how much time you may have served before the violation.
>
> If resentenced following a supervised release violation, you may actually serve a combined total period o[f] incarceration greater than the maximum term you had been told you would receive at the time of sentencing.
>
> Do you understand that?
>
> The Witness: Yes, sir.
>
> The Court: This would be despite any favorable treatment that might otherwise be afforded to you as a result of an agreement made and accepted under Rule 11(c)(1)(C) of the Federal rules.
>
> Do you understand that?
>
> The Witness: Yes.
>
> The Court: Do you need to talk to Mr. Beers about this?
>
> The Witness: No.

Id. at 26-27.

At the conclusion of the plea hearing, the court specifically asked Lee if he had any questions about his case or any aspects of the hearing. Lee indicated that he did not have any questions for the court. Id. at 53. Lee then entered guilty pleas to Counts One and Amended Count Thirteen of the third superceding indictment. The court accepted Lee's pleas, but took under advisement a finding of guilt pending preparation of a presentence report.

The presentence report, dated June 19, 2009, outlined the applicable minimum and maximum statutory penalties Lee faced. The presentence report stated that because Lee faced

5

enhanced penalties from his prior felony drug conviction, he was required to serve a mandatory minimum term of supervised release of eight years for his drug conviction under Count One.[4]

The court conducted Lee's sentencing hearing on July 31, 2009. Prior to the hearing, the government filed a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. After considering the arguments of counsel, the court found Lee guilty under Counts One and Thirteen, granted the government's substantial assistance motion and sentenced Lee to a term of incarceration of 132 months, to be followed by the mandatory minimum term of supervised release of eight years. The court also imposed a fine of $1,000.00 and a special assessment of $200.00. Neither the government nor the defendant challenged the legality or propriety of the sentence at the hearing. (Sentencing Tr. at 19.) Lee did not appeal his convictions or sentence.

Lee filed the specific ineffective assistance claim before the court by amendment granted January 9, 2012. The presiding district court judge referred this matter to me for an evidentiary hearing on Lee's sole remaining claim: that Lee's trial counsel was ineffective in failing to object at his plea hearing to the court not advising Lee of the mandatory supervised release term. This court held the evidentiary hearing on August 28, 2012. Lee was represented by Mark Wayne Claytor, Esq. Both Lee and Beers were called as witnesses and gave testimony regarding the plea negotiations, the plea agreements, the presentence report, and the Rule 11 hearing.

## II. ANALYSIS

### A. Applicable Law

The district court's Memorandum Opinion, (Dkt. No. 479), advises that because Lee did not raise his objection to the sufficiency of the court's Rule 11 colloquy at sentencing, the court

---

[4] The eight-year mandatory minimum term of supervised release resulted from the prior felony drug conviction set forth in the government's § 851 notice. See 21 U.S.C. § 841(b)(1)(B).

6

can review his substantive claim on the merits only if Lee can establish cause and prejudice or actual innocence to excuse his procedural default. United States v. Frady, 456 U.S. 152, 167-168 (1982); see also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (holding that the "Frady cause and prejudice standard applies to . . . collateral challenges to unappealed guilty pleas"); King v. United States, 214 F. Supp. 2d 669, 672 (E.D. Va. 2002) (holding that the defendant had to establish cause and prejudice or actual innocence to excuse the procedural default of his claim of Rule 11 error). Lee makes no claim of actual innocence, and therefore, the Court can reach Lee's substantive claim only if he shows cause and prejudice. Such cause may include ineffective assistance of counsel, see, e.g., United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), and here Lee alleges that his trial counsel was ineffective in failing to object to the advisements Lee received at the plea hearing.

"[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985) (citing Strickland, 466 U.S. 668, 687 (1984)). The proper inquiry is therefore: (1) whether the representation provided by trial counsel fell below an objective standard of reasonableness and (2) whether, but for counsel's error, Lee would not have plead guilty and would have insisted on going to trial. United States v. Mooney, 497 F.3d 397, 401 (4th Cir. 2007) (citing Strickland, 466 U.S. at 687-88; Hill, 474 U.S. at 59); see also United States v. Martinez, 277 F.3d 517 ("[To show error the defendant] must demonstrate that, absent the Rule 11 errors, he would not have entered into his plea agreement with the Government."). As such, Lee can only show prejudice if he can demonstrate a reasonable probability that, but for his trial counsel's error in failing to object to or correct the trial court's violation of Rule 11, he would not have plead guilty. Hill, 474 U.S. at 59; see also United States v. Weymouth, 256 F. App'x 645, 650 (4th Cir. 2007) ("The burden

7

falls on [the defendant] to demonstrate that he was prejudiced by any deficiency in his counsel's performance . . . ." (citing United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995))).

**B. Trial Counsel's Representation Was Objectively Reasonable**

The Government initially argues that Lee cannot meet the first prong of Strickland: to show that the representation provided by trial counsel fell below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. The Government argues that the well-established practice in this district is for judges to advise a defendant of any statutorily defined period of incarceration, followed by a "period of supervised release." The Government asserts that trial counsel's decision not to object to the advisement Lee received at his plea hearing was objectively reasonable. The district judge has determined that he did not advise Lee of the mandatory eight year supervised release term as required by Rule 11(b)(1)(I). (Dkt. No. 479 at 15.) It does not, however, automatically follow that Lee's trial's counsel's performance fell below an objective standard of reasonableness for failing to object.

This is not a situation where the purported well-established practice was supported by well-settled cases law. Cf. Castellanos v. United States, 2002 WL 32859484 (W.D. Va. June 5, 2002) aff'd, 48 Fed. App'x 100 (4th Cir. 2002) (holding the first prong of Strickland was not met where trial counsel failed to object to well-settled practice of prosecutors that, at the time, was clearly permissible under Fourth Circuit precedent). This Court need not and does not address whether a failure regarding the supervised release advisements a defendant receives at a plea hearing can ever fall below an objective standard of reasonableness even in the face of a well established practice. It is clear, however, under the specific facts and circumstances of this case, such a failure does not fall below the objective reasonableness standard of Strickland.

8

At the August 28 evidentiary hearing, Lee testified that his primary concern was his period of incarceration. Beers, Lee's trial counsel, also testified that Lee's sole concern was getting the lowest possible period of incarceration and that supervised release simply was not a material concern to Lee at the time the plea deal was negotiated. Beers in fact testified that Lee indicated a willingness to do decades of supervised release if it meant less incarceration time. According to Beers, Lee even instructed Beers to offer more supervised release time in exchange for less prison time. This Court finds Beers credible. The timing of Lee's decision to plead guilty supports the conclusion that Lee's primary focus was not on his supervised release period. Lee entered into his plea agreement immediately after the government filed its enhancement notice creating the realistically possibility that Lee faced life in prison if he was found guilty. Lee informed his counsel of his concerns of his prison term, and Beers actions conformed to the desires of his client to minimize the time in prison without concern about the supervised release after getting out of prison. If Lee desired Beers to be concerned with the period of supervised release Lee faced, Lee should have communicated this position to Beers. Cf. Almond vs. United States, 854 F. Supp. 439, 447 (W.D. Va 1994) (finding that trial counsel did not violate the Strickland standard of objective reasonableness by failing to file an appeal where his client failed to communicate any desire to have an appeal filed) ("Counsel cannot be found incompetent because he failed to read his client's mind.").

Thus, regardless of any well established practice, the circumstances of this case were such that it was not unreasonable for Beers not to object to the Rule 11 violation. As Lee was not concerned about the length of supervised release at the time, any objection at the Rule 11 hearing would have merely yielded a short advisement from the court and would have had no

9

impact on the outcome of the proceedings. Thus, failing to object to this particular error in this particular case did not fall below the Strickland standard of objective reasonableness.

## C. Lack of Prejudice

"[I]n the plea context, counsel's deficient performance is prejudicial only if there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358 (4th Cir. 1007) (quoting Hill, 474 U.S. at 59). Critically, "[t]his is an objective inquiry . . . ." Id. (citing Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.1988)); see also United States v. Weymouth, 256 Fed. App'x 645, 648 (4th Cir. 2007) (holding a petitioner must establish that a *reasonable* defendant would not have plead guilty but instead insisted on going to trial (emphasis original)). Lee must establish that a reasonable defendant in his position would not have plead guilty but for his counsel's error in failing to object to the court's failure to advise Lee of the mandatory supervised release period at the plea hearing. "[Such a] claim, however, is belied by the record and by what any reasonable defendant in his position would have concluded." Weymouth, 256 Fed. App'x at 649 (rejecting a defendant's habeas claim in which the defendant argued that, but for his trial counsel incorrectly stating the mandatory minimum sentence he faced in one of her three letters to him, he would not have plead guilty).

Lee faced a grim situation. For Count One of the indictment, conspiring to distribute more than 100 grams of a mixture or substance containing heroin, Lee faced an enhanced mandatory penalty of ten years and maximum of life. See 21 U.S.C. § 841(b)(1)(A). Lee faced consecutive years of incarceration if also found guilty at trial of the weapons charges and the drug distribution charges as well as the possibility of life imprisonment if found guilty of possessing a weapon during and in relation to a drug trafficking crime. If found guilty of all

10

counts, Lee could have been sentenced to life imprisonment plus more than one hundred years in prison if the penalties were enhanced because of the previous drug conviction.

Beers, a defense attorney highly experienced in federal criminal cases,[5] testified that he believed Lee was facing a likely range of punishment of ten to sixty-five years imprisonment under the sentencing guidelines if the case went to a jury. Lee faced charges with mandatory minimums as high as twenty-five years and maximums as much as life. Lee has not shown that a reasonable defendant facing this daunting array of charges would have decided to reject a guilty plea for 180 months if not for an error by trial counsel in failing to object to or correct the court's failure to advise of the mandatory supervised release obligations after this period of incarceration. In all likelihood, Lee's guilty plea provided him with a significantly lower sentence than what he would have received if he had proceeded to trial because it allowed him to take advantage of the sentencing guideline benefits of accepting responsibility and providing substantial assistance.

Furthermore, although it is clear that Lee was not advised of the mandatory minimum period of supervised release at his Rule 11 colloquy, abundant evidence exists that Lee was aware before his plea hearing and before his sentencing that he faced a term of supervised release after he completed his prison term. The plea agreement stated the maximum statutory penalties for each offense, including "a period" of supervised release. (Plea Agreement at 1-2.) The plea agreement further informed Lee that there was a "possibility [that] substantial fines and/or restitution may be imposed." Id. at 5. The court and the prosecutor informed Lee at his plea hearing that he faced a period of supervised release following—and in addition to—any period of incarceration. (Dkt. No. 345 at 10-12, 25-26) The court also explained to Lee the nature of

---

[5] Beers testified that he has practiced criminal law in federal and state courts for over twenty years. Beers estimated that he had represented hundreds of criminal defendants and handled roughly forty criminal jury trials.

11

supervised released. Id. at 26. Moreover, the probation officer noted the specific period of eight years in the presentencing report. This is particularly relevant as the presiding district judge explicitly made his acceptance of the guilty conditional upon his review of that document. The district judge asked Lee at the sentencing hearing if he had an opportunity to review to the report to his satisfaction and Lee responded that he had. (Dkt. No. 491 at 3.) Finally, Beers testified that he had discussed with Lee the fact Lee faced a mandatory minimum period of eight year of supervised release, although Beers could not recall the specifics of the conversation. This evidence makes clear that Lee was on notice that he faced a period of supervised release.[6] Lee's knowledge that he faced some period of supervised release gives further evidence that trial counsel's failure to object to or correct the court's failure to inform Lee of the mandatory minimum period of eight years did not have a material impact Lee's decision to plead guilty. Given these considerations, it cannot be said Lee has shown prejudice. Lee has not shown that a reasonable defendant would have rejected the guilty plea but for his trial counsel's failure to object to or correct the court's Rule 11 violation.

### III. CONCLUSION AND RECOMMENDED DISPOSITION

While a number of arguments were raised at the August, 28 evidentiary hearing, the question ultimately is one of prejudice. Having found that Lee cannot demonstrate a reasonable probability that he would not have plead guilty but for his trial counsel's error, it is **RECOMMENDED** that the district court **GRANT** the government's Motion to Dismiss and **DISMISS** this case from the court's docket.

---

[6] Lee testified at the August 28 hearing that he believed he would be subject to supervised release only if he was sentence to fewer than 180 months—which was a possibility because of the government's substantial assistance motion. However, the court specifically told Lee that "in addition to *any* period of incarceration imposed, the [c]ourt will also impose a period of supervised release that follows." (Dkt. No. 345 at 10-12) (emphasis added).

12

The clerk is directed to transmit the record in this case to the Honorable Glen E. Conrad, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: December 11, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge