CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:08CR00041 |
| ) | Civil Action No. 7:10CV80270 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CLIFTON DWIGHT LEE, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Clifton Dwight Lee, a federal inmate, brought this action by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On August 13, 2012, the court dismissed all but one set of Lee's claims, and referred the remaining claims to United States Magistrate Judge Robert S. Ballou for appropriate proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B). The case is presently before the court for review of the magistrate judge's report and recommendation, Lee's objections to the report, and Lee's motion for reconsideration.

## Background

On March 5, 2009, Lee was charged in 18 counts of a superceding indictment returned by a grand jury in the Western District of Virginia. Count One charged Lee with conspiracy to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Counts Six, Eight, Ten, Fourteen, and Eighteen charged Lee with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Counts Seven, Nine, Eleven, Fifteen, and Nineteen charged Lee with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Counts Twelve, Sixteen, and Twenty charged Lee with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Counts Thirteen, Seventeen, and Twenty-One charged Lee with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1)(A). Count Twenty-Two charged Lee with knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Paul Graham Beers, Esq. represented Lee during the criminal proceedings.

On April 21, 2009, the government filed a notice, pursuant to 21 U.S.C. § 851, which advised Lee that it intended to rely on a 2005 felony drug conviction in the Circuit Court for the City of Roanoke as the basis for seeking enhanced penalties for the drug offenses charged in the indictment. Two days later, the defendant entered pleas of guilty to Count One and Amended Count Thirteen of the superceding indictment, pursuant to a written plea agreement.[1]

In the agreement, the parties stipulated, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that Lee would receive a "120 month sentence" of imprisonment for Count One and a consecutive "60 month sentence" of imprisonment for Amended Count Thirteen. (Docket No. 248 at 1.) The government agreed to dismiss the remaining charges against Lee. In exchange, Lee stipulated that he was subject to enhanced statutory penalties as a result of the prior conviction set forth in the § 851 notice filed by the government. Lee also agreed to waive his right to appeal or collaterally attack his convictions.

The plea agreement recited the maximum statutory penalties that could be imposed for each offense, including a total fine of up to $4,250,000.00 and "imprisonment for a term of life, plus supervised release." (Id. at 1-2.) The agreement also advised the defendant that Count One carried "a mandatory minimum sentence of imprisonment for a term of ten years," and that Amended Count Thirteen carried "a mandatory minimum sentence of imprisonment for a term of five years," which must be served consecutively to any other term of imprisonment." Id. Lee

---

[1] The parties moved to amend Count Thirteen of the superceding indictment to charge Lee with knowingly possessing a firearm in furtherance of the drug trafficking crime set forth in Count One.

2

expressly acknowledged that there was a "possibility [that] substantial fines and/or restitution may be imposed." (Id. at 5.) He also acknowledged that fees may be imposed to pay for supervised release, and that his "supervised release may be revoked [if] he violates his terms and conditions." (Id.) The agreement noted that Lee would have the right to withdraw his pleas of guilty, "should the Court reject the parties' mutual recommendation for a term of imprisonment of 180 months or any other aspect of this Plea Agreement." (Id. at 4.)

During the plea hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the court instructed the Assistant United States Attorney ("AUSA") to summarize the offenses to which Lee was pleading guilty and the penalties applicable to those offenses. In response, the AUSA stated as follows:

> . . . You stand charged in count 1 with a conspiracy to possess with intent to distribute during the time of that conspiracy over 100 grams of heroin . . . .
>
> If convicted of that count, because of the information that the Government filed in this case on the 21st day of May [sic] of this year . . . [y]ou would be facing a maximum of life imprisonment and a minimum mandatory period of incarceration of ten years. There could also be a fine of up to $4 million, a $100 special assessment and any period of incarceration would be followed by a period of supervised release.
>
> . . . .
>
> The second charge that you propose to plead guilty to is a count contained in the amended count 13 of the indictment. That states that as part of this conspiracy or in furtherance of this conspiracy, that you did possess at some time during that conspiracy a firearm in furtherance of the end of that conspiracy.
>
> . . . .
>
> . . . [I]f you are convicted of that charge, that, too, carries a maximum of life imprisonment and a minimum mandatory of five years, which has to run consecutive with any term of incarceration on the drug charge.
>
> . . . .

3

> The penalty, the fines that could be imposed could be a fine of up to $250,000 with $100 special assessment. Any period of incarceration would be followed by a term of supervised release.

(Docket No. 345 at 10-12.)

The AUSA then summarized the agreement that Lee had reached with the government under Rule 11(c)(1)(C). When asked if it was Lee's "understanding that this plea agreement calls for a term of imprisonment of 180 months," consisting of "120 months on the drug[ ] [charge] and 60 months or 5 years on the firearms charge," Lee responded in the affirmative. (Id. at 13.) Likewise, when questioned by the court, Lee confirmed that "what [the AUSA] said about [the] plea agreement [was] consistent with [his] understanding of [his] bargain with the United States." (Id. at 17.)

The court later turned its attention to supervised release, emphasizing that, "in addition to any period of incarceration imposed, the court will also impose a period of supervised release that follows." (Id. at 26.) Lee confirmed that he and his attorney had received "an opportunity to talk about supervised release, how it works and what it would mean for [Lee]." (Id.) Lee also confirmed that he was aware of the consequences of violating the conditions of supervised release:

> The Court: [T]he key consideration for today's purposes, is if you violate a condition of supervised release, you may be brought back into court and resentenced regardless of how much time you may have served before the violation.
>
> If resentenced following a supervised release violation, you may actually serve a combined total period o[f] incarceration greater than the maximum term you had been told you would receive at the time of sentencing.
>
> Do you understand that?
>
> The Witness: Yes, sir.

4

| | | |
|---|---|---|
| The Court: | | This would be despite any favorable treatment that might otherwise be afforded to you as a result of an agreement made and accepted under Rule 11(c)(1)(C) of the Federal rules. |
| | | Do you understand that? |
| The Witness: | | Yes. |
| The Court: | | Do you need to talk to Mr. Beers about this? |
| The Witness: | | No. |

(Id. at 26-27.)

At the conclusion of the plea hearing, the court specifically inquired as to whether Lee had any questions about his case or any aspects of the hearing. Lee indicated that he did not have any questions for the court. (Id. at 53.) He then entered pleas of guilty to Counts One and Amended Count Thirteen of the superceding indictment. The court accepted Lee's pleas and adjudged him guilty of both offenses.

In the presentence report, dated June 19, 2009, the probation officer outlined the applicable minimum and maximum statutory penalties that Lee faced. In addition to those discussed during the Rule 11 hearing, the probation officer noted that Lee was subject to a mandatory minimum term of supervised release of eight years for his drug conviction under 21 U.S.C. § 841(b)(1)(B).[2]

The court conducted Lee's sentencing hearing on July 31, 2009. Prior to the hearing, the government filed a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. After considering the arguments of counsel, the court granted the government's motion and advised Lee that it planned to impose a term of incarceration of 132 months, to be followed by an eight-year term of supervised release. The court also stated that it intended to impose a

---

[2] The eight-year mandatory minimum term of supervised release resulted from the prior felony drug conviction set forth in the government's § 851 notice. See 21 U.S.C. § 841(b)(1)(B).

5

fine of $1,000 and a special assessment of $200.00. Neither the government nor the defendant challenged the legality or propriety of the proposed sentencing terms. Accordingly, the court advised Lee that "that [would] be the sentence structure," and that the court would include those terms in his final judgment and commitment order. (Docket No. 491 at 19.) Lee did not appeal his convictions or sentence.

Lee filed the instant § 2255 motion on July 13, 2010. In the original motion, Lee raised three related grounds of collateral attack: (1) that the court breached the plea agreement by imposing a term of supervised release and a fine; (2) that his attorney was ineffective in failing to object to the alleged breach; and (3) that the government engaged in prosecutorial misconduct by failing to direct the court's attention to the terms of the plea agreement.

On July 29, 2010, Lee moved to amend his § 2255 motion. In addition to providing additional support for his original claims, Lee also asserted that counsel was ineffective in failing to file a direct appeal. On August 6, 2010, the court granted the motion to amend.

The government subsequently moved to dismiss Lee's § 2255 motion on the basis that his claims were barred by the waiver of collateral-attack rights contained in the plea agreement. On December 30, 2010, the government's motion was denied in part and taken under advisement in part, and the court ordered an evidentiary hearing on Lee's claim that his attorney was ineffective in failing to file a direct appeal. The matter was referred to United States Magistrate Judge Pamela Meade Sargent pursuant to 28 U.S.C. § 636(b)(1)(B), for the conduct of the hearing and for a recommended disposition of the defendant's motion. Onzlee Ware, Esq. was appointed to represent Lee during the evidentiary hearing.

Following his appointment, Ware filed a motion for leave to amend Lee's § 2255 motion a second time to include the following additional claims: (1) that the defendant's guilty pleas

6

were invalid, because the court failed to advise Lee that he was subject to a mandatory minimum term of supervised release of eight years, as required by Rule 11(b)(1)(I) of the Federal Rules of Criminal Procedure; and (2) that Beers was ineffective in failing to object to, or correct, the court's error.

Judge Sargent conducted an evidentiary hearing on August 4, 2011, during which Lee and Beers were called as witnesses. Thereafter, Judge Sargent issued a report in which she recommended that the court grant the second motion to amend, grant the government's motion to dismiss, and dismiss Lee's § 2255 motion. Lee subsequently filed a number of objections to the magistrate judge's report.

On January 9, 2012, the court granted Lee's second motion to amend his § 2255 motion and directed the government to file a response to the merits of the additional claims asserted in the motion. The government subsequently filed a response to which Lee submitted a pro se reply brief.

On August 13, 2012, Judge Sargent's report and recommendation was adopted in part and rejected in part. The court dismissed Lee's claim that counsel was ineffective in failing to file an appeal. The court also dismissed Lee's claims pertaining to the alleged breach of the plea agreement. However, the court declined to dismiss the final set of claims that were raised in the second motion to amend.

Upon review of the record, the court found that Lee was not informed of the applicable mandatory minimum term of supervised release, as required by Rule 11(b)(1)(I). Although supervised release was discussed during the Rule 11 hearing, Lee was not advised that he would be subject to a mandatory minimum term of supervised release of eight years. Consequently, the court was unable to adopt the magistrate judge's contrary finding. Nonetheless, because Lee did

7

not raise his objection to the sufficiency of the court's Rule 11 colloquy at sentencing or on direct appeal, the court agreed with the government that Lee's substantive challenge to the validity of his guilty pleas could not be reviewed on the merits unless Lee established cause and prejudice or actual innocence to excuse his procedural default. See United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (holding that the "Frady cause and prejudice standard applies to . . . collateral challenges to unappealed guilty pleas"); King v. United States, 214 F. Supp. 2d 669, 672 (E.D. Va. 2002) (holding that the defendant had to establish cause and prejudice or actual innocence to excuse the procedural default of his claim of Rule 11 error).

The court recognized that constitutionally ineffective assistance of counsel can provide cause for a procedural default, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), and that Lee had specifically asserted that Beers was ineffective in failing to object to, or correct, the Rule 11 violation. Because the government had not specifically addressed the claim of ineffective assistance, the court referred the claim to United States Magistrate Judge Robert S. Ballou for an evidentiary hearing and a recommended disposition.

Judge Ballou conducted an evidentiary hearing on August 28, 2012. Lee was represented by Mark Wayne Claytor, Esq. Both Lee and Beers were called as witnesses, and gave testimony regarding the plea negotiations, the plea agreement, and the Rule 11 hearing.

On December 11, 2012, Judge Ballou issued a report and recommendation, in which he concluded that Lee's claim of ineffective assistance is without merit. Accordingly, Judge Ballou recommended that the court grant the government's motion to dismiss and dismiss this matter from the court's active docket.

8

Lee has filed a number of objections to the magistrate judge's report. He has also moved for reconsideration of the court's earlier decision with respect to his claim that the court breached the plea agreement by imposing a fine and a term of supervised release.

## Standard of Review

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The magistrate judge's report has no presumptive weight, and the responsibility to make a final determination remains with this court. Id. at 270-71. The court is charged with making a de novo determination of those portions of the report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## Discussion

### I. Alleged Breach of the Plea Agreement

The court will first address Lee's pending motion for reconsideration, in which he challenges the court's previous decision to dismiss his claims relating to his assertion that the court breached the plea agreement by imposing a fine and a term of supervised release. Having considered Lee's arguments and the pertinent portions of the record, the court finds no basis to alter its previous decision. For the reasons stated in the court's August 13, 2012 memorandum opinion, the court remains convinced that Lee received the benefit of his bargain under Rule 11(c)(1)(C) and that the court did not breach the plea agreement by imposing a fine and a term of supervised release. Accordingly, Lee's motion for reconsideration will be denied.

9

## II. Rule 11 Violation

The court turns now to Lee's remaining claims, both of which are based on the fact that Lee was not properly informed of the applicable mandatory minimum term of supervised release during the plea hearing, as required by Rule 11(b)(1)(I). Lee claims that the error rendered his guilty pleas invalid, and that Beers was ineffective in failing to challenge or correct the error.

As explained above, Lee's substantive claim is procedurally barred from review absent a showing of cause and prejudice or actual innocence. See Frady, 456 U.S. at 167-68; Maybeck, 23 F.3d at 891. Although Lee has made no claim of actual innocence, he has asserted that Beers was ineffective in failing to challenge or correct the court's violation of Rule 11. Because the denial of effective assistance of counsel can provide cause for a procedural default, see Mikalajunas, 186 F.3d at 493, the court will first consider Lee's ineffective assistance claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States enunciated a two-prong test for evaluating claims of ineffective assistance. In order to succeed on such a claim, a defendant must show: (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Id. at 687. With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. With respect to the second, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Whenever possible, courts should resolve ineffective assistance claims under the prejudice prong. See Id. at 697 ("If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see also Elmore v. Ozmint, 661 F.3d 783, 874 (4th Cir. 2011).

10

In the context of a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); see also Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (explaining that the prejudice prong requires an "objective inquiry that is "dependent on the likely outcome of a trial had the defendant not pleaded guilty"); Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (holding that the petitioner had "not demonstrated that but for the assertedly ineffective assistance, a reasonable defendant would have insisted on proceeding to trial").

Having reviewed the record in this case, the court agrees with the magistrate judge that Lee is unable to show that he suffered prejudice under Strickland and Hill. While Lee suggested at the evidentiary hearing that he would have gone to trial if he had been properly advised of the eight-year mandatory minimum term of supervised release, such testimony "suffers from obvious credibility problems and must be evaluated in light of the circumstances the defendant would have faced at the time of his decision." Hooper, 845 F.2d at 475. As the magistrate judge explained in his report, the circumstances Lee faced at the time he accepted the plea agreement and entered his pleas of guilty were "grim." (Docket No. 504 at 10.) For Count One of the superceding indictment, which charged him with conspiring to distribute more than 100 grams of heroin, Lee faced an enhanced statutory sentencing range of ten years to life, as a result of his prior drug conviction. See 21 U.S.C. § 841(b)(1)(B). Lee also faced consecutive terms of imprisonment if convicted on the substantive drug charges and the firearms charges under 18 U.S.C. § 924(c). If convicted on one of the § 924(c) charges, Lee faced a mandatory,

11

consecutive term of imprisonment of at least five years. 18 U.S.C. § 924(c)(1)(A)(i). For each additional conviction under § 924(c), Lee faced a mandatory, consecutive term of imprisonment of at least 25 years. 18 U.S.C. § 924(c)(1)(C)(i). Thus, if convicted on all counts, Lee faced, at a minimum, a term of imprisonment of ten years for the drug counts, and consecutive terms of imprisonment totaling more than 100 years for the § 924(c) counts.

During the evidentiary hearing, Beers, who has been practicing criminal law for over twenty years, testified regarding his evaluation of the government's case against Lee.[3] Beers indicated that he was certain that Lee would be convicted of the drug charges, based on his review of the government's evidence. Beers also testified that it was highly likely that Lee would be convicted on two or more of the § 924(c) counts. For his part, Lee offered no evidence to the contrary. Instead, Lee acknowledged that he was guilty of the conspiracy offense with which he was charged, and that he could be accurately described as an armed heroin dealer.

Against this backdrop, it is unlikely, and certainly not "reasonabl[y] probabl[e]," that Lee would have declined the government's plea offer and proceeded to trial, if he had been advised of the eighty-year mandatory minimum term of supervised release during the Rule 11 colloquy. Hill, 474 U.S. at 59. Both Lee and Beers testified during the evidentiary hearing that Lee's primary concern was the length of his incarceration.[4] By pleading guilty and entering into the written plea agreement with the government, Lee was able to obtain the dismissal of all but two counts and limit his exposure to a total term of imprisonment of 180 months. This agreed-upon term constituted the lowest period of incarceration that Lee could have possibly received for Count One and Amended Count Thirteen of the superceding indictment, absent a substantial

---

[3] The court has reviewed the rough transcript from the evidentiary hearing.

[4] According to Beers, Lee expressed a willingness to serve many years of supervised release in exchange for a lesser term of incarceration.

12

assistance motion. Because Lee would have possibly received a much longer term of incarceration if he had gone to trial, he is unable to demonstrate that a reasonable defendant would have rejected the plea agreement and declined to plead guilty, but for counsel's failure to challenge or correct the court's Rule 11 violation. This conclusion is further supported by the evidence establishing that Lee was aware that he faced some period of supervised release following his release from incarceration, and that he nonetheless entered his pleas of guilty.

For these reasons, the court adopts the magistrate judge's conclusion that Lee's claim of ineffective assistance fails under the prejudice prong of Strickland and Hill.[5] Accordingly, both the ineffective assistance claim and the procedurally defaulted substantive claim must be dismissed.

## Conclusion

For the reasons stated, the court adopts the magistrate judge's recommended disposition of the remaining claims. The court will grant the government's motion to dismiss, deny Lee's motion for reconsideration, and dismiss this matter from the court's active docket. Additionally, because Lee has failed to make "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. §2253(c)(1).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Lee and all counsel of record.

ENTER: This 8th day of February, 2013.

*[signature]*

Chief United States District Judge

---

[5] Having concluded that Lee is unable to satisfy the prejudice prong of the Strickland test, the court finds it unnecessary to consider the magistrate judge's recommendation on the performance prong or Lee's objections thereto. See Strickland, 466 U.S. at 697.

13